**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANCIS R. PUGH, JR.,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:13-2511** |
| **v.** | : | **(JUDGE MANNION)** |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

## <u>MEMORANDUM</u>

Pending before the court is the report and recommendation of Magistrate Judge Gerald B. Cohn, (Doc. 23), recommending that the decision of the Commissioner in the above-captioned matter be affirmed. Judge Cohn reviewed the record in this case pursuant to 42 U.S.C. § 405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Disability Insurance Benefits under the Social Security Act, ("Act"). 42 U.S.C. §§ 401-433, 1381-1383f. The plaintiff's counsel has filed objections to the report and recommendation. (Doc. 24). The defendant waived the opportunity to respond to the plaintiff's objections. (Doc. 25).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*,

the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In this case, the only objection raised by the plaintiff's counsel is that the plaintiff did not consent to referral of this matter to a magistrate judge and, specifically, did not consent by filing form AO 85, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73. Counsel argues, therefore, that the report and recommendation of Judge Cohn should be set aside.

2

Pursuant to 28 U.S.C. §636(b)(1), with limited exceptions which are not applicable here, a district judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court. In fact, it has long been held that a district court is permitted to refer Social Security cases to a magistrate judge for preliminary review of the administrative record, oral argument, and preparation of a recommended decision as to whether the record contains substantial evidence to support the administrative determination. This is so because the magistrate judge's recommendation is subject to an independent evaluation by the district judge who may, in his or her discretion, hear the matter anew. Mathews v. Weber, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Designation of a matter to a magistrate judge pursuant §636(b)(1), as was the case here, does not require the consent of the parties. On this basis, counsel's objections relating to the plaintiff's failure to consent to the referral of the matter to a magistrate judge for consideration will be overruled.

As counsel has failed to raise any substantive objections to Judge Cohn's report, the court need only review the record for clear error. Upon review of the filings in this matter, including the plaintiff's complaint, the parties' appellate briefs and the report of Judge Cohn, the court is satisfied that there is no clear error on the face of the record. The very thorough report of Judge Cohn will therefore be adopted in its entirety.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date: March 9, 2015

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2511-01.wpd